TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00631-CV







City of Lubbock; Lubbock Police Department (L.P.D.); Bob N. Cass; and


Ken A. Walker, Appellants




v.




John Cornyn, Attorney General of the State of Texas; Absolute Healthcare, L.C.C.;


Lubbock Loop, P.C.; and Lubbock Chiropractic, P.C., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 97-08513A, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING







 This appeal concerns the availability of arrest reports under the Texas Public
Information Act, formerly called the Texas Open Records Act. Tex. Gov't Code Ann.
§§ 552.001-.353 (West. 1994 & Supp. 1999) (the "Act"). The City of Lubbock and the Lubbock
Police Department, along with Bob N. Cass, the city manager, and Ken A. Walker, the chief of
police (collectively, the "City"), brought suit to challenge the Attorney General's letter ruling that
the arrest reports at issue were public records that must be released. Absolute Healthcare,
Lubbock Loop, and Lubbock Chiropractic (collectively, the "Absolute intervenors") intervened
in the lawsuit, seeking the disputed arrest reports and asserting related counterclaims. The City
and the Attorney General filed cross-motions for summary judgment. The trial court denied the
City's motion and granted summary judgment affirming the Attorney General's ruling. The trial
court also conducted an evidentiary hearing on the City's motion to strike and plea in abatement
objecting to Absolute's intervention. It denied the motion to strike and severed the remaining
issues between the City and the Absolute intervenors, making this a final judgment. The City
appeals the summary judgment upholding the Attorney General's ruling. We will affirm.


Background


 The legislative and judicial history of the provisions that we must examine to
resolve this dispute reflect the historical tension between the legislature's desire on one hand to
open all public records, and on the other hand to protect from disclosure certain private
information contained in those records. Several legislative attempts to create a "privacy
disclosure" exception to public records have been rejected by the courts as unconstitutional. See
Innovative Database Sys. v. Morales, 990 F.2d 217, 222 (5th Cir. 1993) (holding complete
prohibition on use of crime or accident reports for purpose of soliciting clients "too broad a means
of effectuating the intended purpose of the law"); Moore v. Morales, 843 F. Supp. 1124, 1133
(S.D. Tex. 1994) (holding unconstitutional 30-day ban on attorneys' direct mail solicitation of
accident victims and their families), rev'd in part, 63 F.3d 358, 363 (5th Cir. 1995) (upholding
constitutionality of ban as applied to attorneys, but remanding to develop evidence as to
chiropractors and other licensed groups). Indeed, the very provisions at issue in this appeal reflect
frustrated legislative attempts to balance these two opposing interests.


Discussion


Availability of Accident Reports

 In its first issue, the City challenges the Attorney General's ruling that the accident
reports at issue are public records that must be disclosed. To understand the City's position, we
must first examine the Public Information Act and the Attorney General's letter opinion.

 The core principle of the Act is that the public is entitled to all information
"collected, assembled, or maintained by a governmental body." Holmes v. Morales, 924 S.W.2d
920, 922 (Tex. 1996); Act § 552.002(a)(1) (West Supp. 1999). The Act does not limit the
availability of public information except as it expressly provides, and "shall be liberally construed
in favor of granting a request for information." Act §§ 552.006, .001(b) (West 1994 & Supp.
1999).

 The Act requires the Attorney General to determine whether information is excepted
from disclosure, and in doing so the Attorney General construes the exceptions narrowly. Tex.
Att'y Gen. ORD-515 (1988). "Although they are not binding on us, this Court gives due
consideration to Attorney General decisions, especially in cases involving the Public Information
Act under which the Attorney General has a mandate to determine the applicability of exceptions
to public disclosure." Rainbow Group Ltd. v. Texas Employment Comm'n, 897 S.W.2d 946, 949
(Tex. App.--Austin 1995, writ denied); see also University of Tex. Law Sch. v. Texas Legal
Found., 958 S.W.2d 479, 481 (Tex. App.--Austin 1997, no pet.) ("[T]he Attorney General's
construction of the Act has great weight.").

 The City relies on section 552.101 of the Act, which excepts from disclosure
"information considered to be confidential by law, either constitutional, statutory, or by judicial
decision." Act § 552.101 (West 1994). The City asserts that accident reports are made
confidential by virtue of article 6701d, section 47 of the Revised Civil Statutes. Tex. Rev. Civ.
Stat. Ann. art. 6701d, § 47 (West. Supp. 1994, since repealed) ("section 47"). (1) The parties agree
that this dispute is governed by section 47; accordingly, we will restrict our analysis to this
provision.

 Section 47 makes accident reports privileged and for the confidential use of state
and local agencies. See id. § 47(a). However, the agency is required to release a copy of an
accident report to a person who provides two of the following: 


 (i) the date of the accident;


 (ii) the name of any person involved in the accident; or


(iii) the specific location of the accident.



Id. § 47(b)(1)(D). Although this statute makes accident reports privileged and confidential, it does
not address police dispatch logs. Individuals seeking accident reports discovered that they could
first request the dispatch logs, which are public information; from these dispatch logs they could
obtain the date and location of the accident. With these two pieces of information they were then
able to satisfy section 47(b)(1)(D) and obtain the accident report.

 In 1997, the Texas Legislature attempted to close this loophole by making dispatch
logs confidential, as well as "the part of any other record that includes information relating to the
date of the accident, the name of any person involved in the accident, or the specific location of
the accident." Tex. Transp. Code Ann. § 550.065(a)(2), (3) (West 1999). The amended statute
also requires a person requesting an accident report to provide (1) the name of the person involved
in the accident, and (2) either the date or specific location of the accident. See id. § 550.065
(b)(4). It is this amendment that was challenged by the media in another proceeding and has been
temporarily enjoined as unconstitutional.

 The City turned to a creative reading of section 47(b)(2) to deny the release of
accident reports to requestors who obtained the address and location of an accident from dispatch
logs. That section states, in pertinent part:


 The Department or a law enforcement agency shall request information on
a written form to be determined by the Department or agency for the purpose of
determining whether the person or entity requesting the information is eligible to
receive such information as provided by Subdivision (1) of this subsection.


 The Department or a law enforcement agency shall provide a copy or copies
of any peace officer's report that may be released as provided by this section on
written request and payment of a Four Dollar ($4) fee.



Tex. Rev. Civ. Stat. Ann. art. 6701d, § 47(b)(2) (West. Supp. 1994, since repealed) (emphasis
added). The City's argument is this: by saying the agency "shall provide," the legislature has
given discretion to the agency to release or not release public records in certain circumstances. 
The City argues that it may exercise this discretion in a way that gives effect to the legislative
intent to make accident reports confidential. The legislature intended that the person requesting
the otherwise confidential accident reports must already know the name of the person, the date or
the location of the accident in question; it doesn't count if the requestor first obtains that
information from the agency's dispatch logs and thereby becomes equipped to request the accident
report. In this circumstance the City argued that it could exercise its discretion by not releasing
the dispatch logs, or alternatively by not releasing accident reports to individuals who first obtain
the location and date of an accident through a dispatch log.

 The Attorney General disagreed; in a 1997 letter ruling, his office stated that
dispatch logs are public information and must be released. See Tex. Att'y Gen. Letter Ruling
OR97-1633 (1997). Since the requestors were entitled to the dispatch logs, from which they could
obtain the two pieces of information needed to request the accident reports, "this fact does not
entitle the city to withhold the requested accident reports. In summary, simply because the
requestors seek the dispatch logs in order to obtain the needed information to request copies of
accident reports does not mean that the dispatch logs are confidential." Id. As the Attorney
General has previously noted, the Public Information Act prohibits the City from inquiring into
the motives of the person who is seeking public information; the requestor's purpose may not be
considered in determining whether the records must be disclosed. See Tex. Att'y Gen. ORD-542
(1990). Likewise, the fact that the requestor obtained the two necessary pieces of information
from the City's own dispatch logs does not entitle the City to withhold the requested accident
reports.

 We sympathize with the City's frustration. Section 47 contains a loophole that does
appear to allow certain individuals to circumvent the legislative intent expressed in section 47 to
make accident reports confidential and privileged. We noted at the outset the delicate balancing
act required to promote a policy of open government through open records, while at the same time
protecting individuals from the disclosure of personal information in certain public records. Our
system of government confers the task of balancing these two oft-conflicting policies upon the
legislative body, not upon an executive body of the City. Based upon this doctrine of separation
of powers and the plain meaning of section 47, we reject the City's assertion that it has the
discretion to withhold accident reports from individuals who take advantage of this legislative
loophole. Separation of powers is a fundamental principle of our structure of government. The
legislative branch enacts policy, for good or for ill, and expresses it in statutes, wisely or unwisely
drafted. The executive branch enforces the laws as written. To afford every agency the discretion
to determine when the disclosure of otherwise public records would comport with that agency's
interpretation of legislative intent would defeat the fundamental purpose of the Public Information
Act. Indeed, the legislature's 1997 attempt to close the loophole of which the City complains has
been subjected to an as yet unresolved constitutional attack by the media. The discretion which
the City seeks would permit it to sit as a legislative and judicial body, as well as an executive
body. This the separation of power doctrine does not permit.

 Because we reject the City's assertion that the statute affords it discretion in
releasing otherwise public records, we overrule the first issue and hold that the trial court correctly
ruled that the records are public information and subject to release, as the Attorney General had
opined.


Intervenors' Standing

 In its second issue, the City asserts that the Absolute intervenors lack standing to
intervene in this lawsuit because they are not "requestors" as defined under section 552.325 of the
Act. The issue of the intervenors' standing has no bearing on the issue before us on this appeal,
namely, the correctness of the trial court's summary judgment upholding the Attorney General's
open records ruling. The standing issue may bear on the counterclaims the intervenors assert
against the City, issues that were severed and remain pending before the trial court. We hold that
the issue of the intervenors's standing is not ripe for consideration on this appeal and decline to
issue an advisory opinion that might affect the trial court's consideration of the counterclaims still
pending before it. We dismiss the second point of error.


Conclusion

 The trial court correctly granted summary judgment against the City, upholding the
Attorney General's opinion that (1) article 6701d, section 47 of the Revised Civil Statutes does
not exempt police dispatch logs from the Public Information Act, and (2) the City does not have
discretion to turn down requests for accident reports from requestors who obtain the necessary
information through dispatch logs. We therefore affirm the trial-court judgment.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: May 20, 1999

Publish

1. Article 6701d, section 47 was repealed by the 74th Legislature as part of the code revision
process; it survived as an amendment to section 550.065 of the Transportation Code. Tex.
Transp. Code Ann. § 550.065 (West Supp. 1996). The 75th Legislature amended section 550.065
of the Transportation Code effective September 1, 1997. See Act of May 29, 1997, 75th Leg.,
R.S., ch. 1187, § 1, 1997 Tex. Gen. Laws 4575, 4582. However, the Attorney General's opinion
at issue was handed down July 18, 1997. The amended version of section 550.065, which
arguably protects from disclosure the information at issue here, has also been challenged as
unconstitutional. In 1997, a Travis County district court entered a temporary injunction enjoining
the application of section 550.065 as unconstitutional and reinstating the former law reflected in
section 47. See Texas Daily Newspaper Ass'n v. Morales, No. 97-08930 (345th Dist. Ct., Travis
County, Tex., Oct. 24, 1997). The parties to that lawsuit have agreed to an extension of the
temporary injunction, apparently believing that the 76th Legislature is considering amendments
to section 550.065 that may change the nature of the controversy or render it moot. 


 enacts policy, for good or for ill, and expresses it in statutes, wisely or unwisely
drafted. The executive branch enforces the laws as written. To afford every agency the discretion
to determine when the disclosure of otherwise public records would comport with that agency's
interpretation of legislative intent would defeat the fundamental purpose of the Public Information
Act. Indeed, the legislature's 1997 attempt to close the loophole of which the City complains has
been subjected to an as yet unresolved constitutional attack by the media. The discretion which
the City seeks would permit it to sit as a legislative and judicial body, as well as an executive
body. This the separation of power doctrine does not permit.

 Because we reject the City's assertion that the statute affords it discretion in
releasing otherwise public records, we overrule the first issue and hold that the trial court correctly
ruled that the records are public information and subject to release, as the Attorney General had
opined.


Intervenors' Standing

 In its second issue, the City asserts that the Absolute intervenors lack standing to
intervene in this lawsuit because they are not "requestors" as defined under s