TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00257-CV






Greg Abbott, in his official capacity as Attorney General of Texas, Appellant


v.


GameTech International, Inc.; Anthony J. Sadberry, in his official capacity as Executive
Director of the Texas Lottery Commission; and Texas Lottery Commission, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT

NO. D-1-GN-05-001668, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N

 Greg Abbott, in his official capacity as Attorney General of Texas ("the Attorney
General") appeals from a summary judgment granted in favor of GameTech International, Inc.,
Anthony Sadberry, in his official capacity as Executive Director of the Texas Lottery Commission,
and the Texas Lottery Commission ("the Commission"), in their suits seeking a declaration that
certain documents in the Commission's possession are exempt from the disclosure requirements of
the Texas Public Information Act ("PIA"). See Tex. Gov't Code Ann. §§ 552.001-.353 (West 2004
& Supp. 2008). We will reverse the district court's summary judgment and render judgment
declaring that the documents are not exempt from disclosure.




FACTUAL AND PROCEDURAL BACKGROUND

 GameTech is a manufacturer of electronic bingo devices. In Texas, GameTech's
equipment is used by charitable organizations licensed to raise funds by conducting bingo games. 
GameTech's business activities are regulated by the Commission under the Texas Bingo Enabling
Act. See Tex. Occ. Code Ann. §§ 2001.001-.657 (West 2004 & Supp. 2008). In 2002, Steve
Hieronymous, a former distributor of GameTech equipment, filed a complaint with the Commission,
alleging that GameTech engaged in price fixing and unlicensed distribution of bingo equipment in
violation of Texas law. Hieronymous filed subsequent complaints in 2003 and 2004 complaining
of GameTech's activities in the bingo industry. In January 2005, the Commission initiated an
enforcement action against GameTech. Thereafter, GameTech and the Commission engaged in
discussions related to the enforcement action, including settlement negotiations.

 In February and March 2005, Hieronymous sent the Commission two public
information requests pursuant to the PIA. See Tex. Gov't Code Ann. §§ 552.001-.353. The requests
sought copies of documents and communications exchanged between the Commission and
GameTech or GameTech's attorney. See Tex. Gov't Code Ann. § 552.021. The Commission
complied with both requests but in each case withheld from disclosure two documents ("the
settlement letters"), which the Commission described as follows:


 1. A letter dated February 11, 2005 from the Commission's staff attorney to
GameTech's attorney in which the Commission offered terms for settling the
issues and controversies between the Commission and GameTech; and


 2. A letter dated March 3, 2005 from GameTech's attorney to the Commission's
staff attorney in which GameTech proposed a counter-offer of settlement for
the Commission's consideration. (1)



The Commission withheld the settlement letters on the ground that they were excepted from
disclosure under sections 552.101 and 552.103 of the government code. See Tex. Gov't Code Ann.
§§ 552.101 ("Information is excepted from the requirements of Section 552.021 if it is information
considered to be confidential by law, either constitutional, statutory, or by judicial decision.");
552.103 ("Information is excepted from the requirements of 552.021 if it is information relating to
[pending or reasonably anticipated] litigation of a civil or criminal nature to which the state or a
political subdivision is or may be a party . . . .").

 Pursuant to section 552.301 of the PIA, the Commission twice sought opinions from
the Attorney General regarding whether the settlement letters fell within either exception. See
Tex. Gov't Code Ann. § 552.301 (governmental body receiving written request for information
it wishes to withhold must ask for decision from attorney general regarding whether information falls
within specified exception). (2) In its first opinion, the Attorney General stated that, although the
settlement letters were information relating to reasonably anticipated litigation, they were not
covered by the litigation exception because they had been exchanged between GameTech and
the Commission. See OR2005-03642 ("Once information has been obtained by all parties to a
litigation through discovery or otherwise, no section 552.103(a) interest exists with respect to
that information."). 

 Although GameTech did not participate in the open records ruling process before the
Attorney General, GameTech filed suit in district court against the Commission and the Attorney
General seeking a declaration that the settlement letters were excepted from disclosure under the
PIA. See Tex. Gov't Code Ann. §§ 552.3215, .325. The Commission filed a cross-claim against the
Attorney General likewise seeking a declaration that the settlement letters were excepted
from disclosure under the section 552.103 litigation exception and the section 552.101
confidential-information exception. (3)

 The Commission moved for summary judgment asserting that, pursuant to PIA
sections 552.022(a) and 552.101, the settlement letters were considered confidential by law,
specifically by the confidentiality provisions contained in chapter 154 of the civil practice and
remedies code and chapter 2009 of the government code, both of which afford confidentiality to
communications made by participants to, and during the course of, an alternative dispute resolution
procedure. See Tex. Gov't Code Ann. §§ 552.022(a), .101, 2009.054 (West 2008); Tex. Civ.
Prac. & Rem. Code Ann. § 154.073 (West 2005). (4) GameTech moved for summary judgment on the
same ground, and also claimed that public policy and common law privacy rendered the settlement
letters confidential. The Attorney General filed a cross-motion for summary judgment asserting that
there was no applicable law that rendered the settlement letters confidential under either section
552.101 or 552.022(a) of the PIA.

 The district court granted both GameTech's and the Commission's motions for
summary judgment. The district court's judgment states that the settlement letters "are settlement
negotiations excepted from mandatory disclosure under Tex. Gov't Code § 552.101 pursuant to
Tex. Gov't Code ch. 2009 and Tex. Civ. Prac. and Rem. Code ch. 154." The court denied the
Attorney General's motion for summary judgment. This appeal followed. By one issue, the
Attorney General contends that, because the settlement letters were not communications between
parties to an alternative dispute resolution procedure, the confidentiality provisions in chapter 154
of the civil practice and remedies code and chapter 2009 of the government code do not apply, and
the district court erred in finding an exception to the mandatory disclosure requirement of the PIA.


STANDARD OF REVIEW

 We review the district court's granting of summary judgment de novo. Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). A party moving for summary judgment
must demonstrate that there is no genuine issue of material fact and that he is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548
(Tex. 1985). The burden of proof is on the movant, and we take as true all evidence favorable to the
nonmovant, and indulge every reasonable inference and resolve all doubts in the nonmovant's favor. 
Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). When both sides move
for summary judgment and the trial court grants one motion and denies the other, the reviewing court
should review the summary judgment evidence presented by both sides, determine all questions
presented, and render the judgment the trial court should have rendered. Texas Worker's Comp.
Comm'n v. Patient Advocates, 136 S.W.3d 643, 648 (Tex. 2004). 

 This appeal involves statutory construction, which presents questions of law that we
review de novo. Bragg v. Edwards Aquifer Auth., 71 S.W.3d 729, 734 (Tex. 2002); Sanchez
v. Texas State Bd. of Med. Exam'rs, 229 S.W.3d 498, 512 (Tex. App.--Austin 2007, no pet.). In
construing a statute, our task is to determine and give effect to the legislature's intent. Texas Dep't
of Protective & Regulatory Servs. v. Mega Child Care, Inc., 145 S.W.3d 170, 176 (Tex. 2006);
National Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000); see also Tex. Gov't Code
Ann. § 312.005 (West 2005). We ascertain that intent "first and foremost" from the statute's
language as written. Sanchez, 229 S.W.3d at 512. We consider the statute as a whole, not as isolated
individual provisions, and we do not give one provision a meaning out of harmony or inconsistent
with other provisions, even though it might be susceptible to such a construction standing alone. 
See Texas Dep't of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002). In determining legislative
intent, we may also consider the consequences of a particular construction. See Tex. Gov't Code
Ann. § 311.023 (West 2005); City of Austin v. Southwestern Bell Tel. Co., 92 S.W.3d 434,
442 (Tex. 2002).




DISCUSSION

 Under the PIA, information that is "collected, assembled or maintained . . . in
connection with the transaction of official business" by a governmental body is "public information." 
Tex. Gov't Code Ann. § 552.002(a). Public information may not be withheld from disclosure except
as expressly provided by the PIA. Id. § 552.006; Arlington Indep. Sch. Dist. v. Texas Attorney Gen.,
37 S.W.3d 152, 157 (Tex. App.--Austin 2001, no pet.). The PIA is to be liberally construed in
favor of granting requests for information. Tex. Gov't Code Ann. § 552.001(b). Exceptions
to the disclosure requirement of the PIA are narrowly construed. Arlington Indep. Sch. Dist.,
37 S.W.3d at 157. The issue here is whether the settlement letters fall within an exception to
disclosure recognized by the PIA.

 The Commission and GameTech contend that the settlement letters are excepted from
disclosure by sections 552.022 and 552.101 of the PIA. Section 552.022 provides that certain listed
categories of information are public information not excepted from disclosure under the Act
"unless they are expressly confidential under other law." Tex. Gov't Code Ann. § 522.022(a). 
Section 552.101 provides that information is excepted from the disclosure requirement if it is
"considered to be confidential by law, either constitutional, statutory, or by judicial decision." 
Id. § 552.101. The Attorney General argues that there is no "other law" that renders the settlement
letters confidential, and therefore the PIA requires that they be disclosed.


Confidential Under Other Law: Statutes 

 The Commission and GameTech assert that the "other law that makes the settlement
letters expressly confidential are chapter 2009 of the government code and chapter 154 of the civil
practice and remedies code." Chapter 2009 of the government code, the Governmental Dispute
Resolution Act, extends confidentiality to any communication "made between an impartial third
party and the parties to the dispute or between the parties to the dispute during the course of an
alternative dispute resolution procedure." Tex. Gov't Code Ann. § 2009.054(b)(1). Chapter 154 of
the civil practice and remedies code, which contains the procedures for alternative dispute resolution,
provides in pertinent part:


 [A] communication relating to the subject matter of any civil or criminal dispute
made by a participant in an alternative dispute resolution procedure, whether before
or after the institution of formal judicial proceedings, is confidential, is not subject
to disclosure, and may not be used as evidence against the participant in any judicial
or administrative proceeding.



Tex. Civ. Prac. & Rem. Code Ann. § 154.073(a). In order for the settlement letters to be confidential
under these statutes, they must be communications made during the course of, and by a participant
in, an "alternative dispute resolution procedure."

 The Governmental Alternative Dispute Resolution Act defines an "alternative dispute
resolution procedure" to include a procedure, or combination of procedures, described by chapter
154 of the civil practice and remedies code. Tex. Gov't Code Ann. § 2009.003(1). The following
alternative dispute resolution procedures are described in chapter 154: mediation, mini-trial,
moderated settlement conference, summary jury trial, and arbitration. Tex. Civ. Prac. & Rem. Code
Ann. §§ 154.023-.027. Each of these procedures contemplates the participation of an impartial third
party to facilitate the resolution of the dispute. The alternative dispute resolution procedures
described in chapter 154 do not include informal settlement negotiations between the parties
conducted without an impartial third-party facilitator. 

 The Governmental Alternative Dispute Resolution Act permits a governmental body
to "develop and use" alternative dispute resolution procedures to supplement the procedures
available for dispute resolution so long as they are consistent with chapter 154 of the civil practice
and remedies code. See Tex. Gov't Code Ann. §§ 2009.051(a), .052. For example, the Commission
has adopted rules for mediation of claims brought by contractors under chapter 2260 of the
government code. See 16 Tex. Admin. Code §§ 403.214-.218 (2006) (Tex. Lottery Comm'n). The
Commission's rules provide that mediation of such disputes is "confidential in accordance with
Government Code, § 2009.054." See id. §§ 403.215, .217. However, neither the Commission nor
GameTech demonstrates, or even argues, that the Commission has adopted rules making settlement
discussions between parties to an existing or potential enforcement action an alternative dispute
resolution procedure afforded the confidentiality protections of government code chapter 2009. 

 GameTech further contends that the definition of alternative dispute resolution
procedures in chapter 154 includes "conciliation," and therefore informal settlement negotiations
must constitute an alternative dispute resolution procedure described in that chapter and covered by
the confidentiality provisions of the Governmental Dispute Resolution Act. We disagree. The word
"conciliation" appears in section 152.001 of the government code, which defines alternative dispute
resolution systems that may be established by counties; it is not one of the alternative dispute
resolution procedures described in civil practice and remedies code chapter 154. See Tex. Civ. Prac.
& Rem. Code Ann. § 152.001. Moreover, the provision states that "an 'alternative dispute resolution
system' means an informal forum in which mediation, conciliation or arbitration is used to resolve
disputes." Id. (emphasis added). The word "forum" connotes something more than two parties
to a dispute privately discussing settlement and exchanging settlement offers. See Black's
Law Dictionary 680 (8th ed. 2004) (defining "forum" as: "A court or other judicial body; a place
of jurisdiction."). 

 In the present case, the Commission and GameTech engaged in private settlement
discussions--they were not participants in any of the alternative dispute resolution procedures
described in chapter 154 of the civil practice and remedies code, nor were they engaged in an
alternative dispute resolution procedure developed by the Commission under chapter 2009 of the
government code. See Tex. Civ. Prac & Rem. Code Ann. §§ 154.023-.027; Tex. Gov't Code Ann.
§ 2009.051. Even if the exchange of the settlement letters at issue in this case, consisting of an offer
and counter-offer, could be generally classified as an "alternative dispute resolution procedure," it
is not one covered by the confidentiality provisions contained in either chapter 154 of the civil
practice and remedies code or chapter 2009 of the government code.


Confidential Under Other Law: Judicial Decision/Common Law

 The Commission next maintains that the settlement letters are expressly
excepted from disclosure under the PIA because they contain information considered to be
confidential by judicial decision. See Tex. Gov't Code Ann. § 552.101 (information expressly
considered confidential by judicial decision excepted from disclosure); In re City of Georgetown,
53 S.W.3d 328, 332 (Tex. 2001) (term "other law" in section 552.022(a) includes judicial decisions
and rules promulgated by the judiciary, such as rules of procedure and evidence). There is, however,
no judicially recognized privilege exempting settlement negotiations from disclosure, nor do Texas
courts recognize a common-law right to withhold settlement negotiations as confidential
communications. Although settlement negotiations are inadmissible at trial to prove liability for or
invalidity of a claim or its amount, see Tex. R. Evid. 408, they are admissible for other purposes and
are not exempt from discovery under the rules of civil procedure or evidence. See Tex. R. Civ. P.
192.3 (party may obtain discovery regarding any matter that is not privileged and is relevant to
subject matter of dispute); Tex. R. Evid. 408, 501-513 (identifying discovery privileges, none of
which protects settlement negotiations).

 The cases the Commission cites do not support its contention that Texas courts
recognize a "settlement negotiations" privilege. In Avary v. Bank of America, the court recognized
that confidentiality is "an important part of the statutory scheme of alternative dispute resolution." 
72 S.W.3d 779, 797 (Tex. App.--Dallas 2002, pet. denied) (emphasis added). The Avary court did
not recognize a common law privilege for settlement negotiations; rather, it discussed the statutorily
created confidentiality guarantees provided by the legislature in chapter 154 of the civil practice
and remedies code. Id. The Commission's reliance on In re Acceptance Insurance Company,
33 S.W.3d 443 (Tex. App.--Fort Worth 2000, no pet.), is likewise misplaced. In that case, the court
addressed the confidentiality provided by section 154.073 of the civil practice and remedies code to
communications made by a participant to mediation. Id. at 452. The court did not recognize any
common-law privilege that shields settlement negotiations from disclosure to third parties.

 The Commission cites one case in which a federal court recognized a common-law
settlement negotiations privilege. See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.,
332 F.3d 976 (6th Cir. 2003). There, the Sixth Circuit noted that the question of whether
"communications made in furtherance of settlement negotiations are discoverable by litigants in
another action is a matter of first impression in this Circuit." Id. at 979 (emphasis in original). The
court observed that rule 501 of the Federal Rules of Evidence authorizes federal courts to determine
new privileges by examining "common law . . . in the light of reason and experience." Id. (citing
Jaffee v. Redmond, 518 U.S. 1, 8 (1996)). So authorized, the Sixth Circuit concluded that
communications made in furtherance of settlement are privileged. Id. at 983. Essential to the
Goodyear Tire holding, however, is the concept that federal courts are authorized to determine new
discovery privileges. See Fed. R. Evid. 501. Texas courts have no such authority. Rule 501 of the
Texas Rules of Evidence provides that:


 Except as otherwise provided by Constitution, by statute, by these rules, or by other
rules prescribed pursuant to statutory authority, no person has a privilege to:


 (1) refuse to be a witness;


 (2) refuse to disclose any matter;


 (3) refuse to produce any object or writing;


 (4) prevent another from being a witness or disclosing any matter or producing any
object or writing.



Tex. R. Evid. 501. Thus, rule 501 provides that only privileges grounded in certain specified
sources--the Constitution, statute, the rules of evidence, or other rules established pursuant to
statute--are recognized in Texas. This Court has no authority to create a new common-law
discovery privilege protecting settlement negotiations. (5) 

 We agree with the Commission and GameTech that the legislature has plainly
expressed that it is the policy of the state to encourage peaceable resolution of suits, and that disputes
before governmental bodies should be resolved as fairly and expeditiously as possible. See Tex.
Gov't Code Ann. § 2009.002; Tex. Civ. Prac. & Rem. Code Ann. § 154.002. To encourage such
resolution, the legislature has enacted a statute to extend confidentiality to certain communications
and except them from disclosure. See Tex. Civ. Prac. & Rem. Code Ann. § 154.073. However, the
scope of the confidentiality protection provided for settlement communications encompasses only
communications made by participants in statutorily defined alternative dispute resolution procedures
during the course of the procedure; it does not extend to the offer and counter-offer of settlement
exchanged between the Commission and GameTech outside the context of an alternative dispute
resolution procedure. See Tex. Gov't Code Ann. §§ 2009.003, .051. If the scope of the
confidentiality protection is to be broadened, it is for the legislature, not this Court, to do so. See
City of Rockwall v. Hughes, 246 S.W.3d 621, 631 (Tex. 2008) ("If the Legislature desires to amend
the statute to add words so that the statute will then say what is contended for by the Estate, we are
confident it will do so. However, changing the meaning of the statute by adding words to it, we
believe, is a legislative function, not a judicial function."); McIntyre v. Ramirez, 109 S.W.3d 741,
748 (Tex. 2003) (court is not to second-guess policy choices that inform statutes or weigh
effectiveness of their results; rather, court's task is to interpret statutes in manner that effectuates
legislature's intent); City of Lubbock v. Cornyn, 993 S.W.2d 461, 465 (Tex. App.--Austin 1999, no
pet.). The statutes as written manifest an intent by the legislature to confer confidentiality protection
only to communications made by parties to, and during the course of, a statutorily defined alternative
dispute resolution procedure.

 

Confidential Under Other Law: Right to Privacy

 Finally, GameTech asserts that a common-law right to privacy prevents disclosure
of its settlement negotiations with the Commission. The common-law right to privacy prevents
publicizing an individual's private affairs with which the public has no legitimate concern. 
Industrial Found. v. Texas Indus. Accident Bd., 540 S.W.2d 668, 682 (Tex. 1976). The right to
privacy prohibits the disclosure of embarrassing private facts about an individual. Id. In the context
of the PIA, public information is excepted from mandatory disclosure if it (1) contains highly
intimate or embarrassing facts about an individual, the publication of which would be highly
objectionable to a reasonable person; and (2) is not of legitimate public concern. Id. at 685; Austin
Chronicle Corp. v. City of Austin, No. 03-08-00596-CV, 2009 Tex. App. LEXIS 1381, at *14-15
(Tex. App.--Austin Feb. 24, 2009, no pet.) (mem. op.). There is no Texas authority recognizing a
right to privacy on the part of a corporation, and we decline to recognize one here. See Express One
Int'l v. Steinbeck, 53 S.W.3d 895-900 (Tex. App.--Dallas 2001, no pet.) (no authority in Texas
recognizing corporation's right to privacy). In any event, even if a corporate right to privacy existed,
GameTech has not met its burden of showing that the settlement letters, containing an offer and
counter-offer of settlement, include highly intimate or embarrassing facts the disclosure of which
would be highly objectionable to a reasonable person.

 

CONCLUSION 

 Because the settlement letters are not "expressly confidential under other law," see
Tex. Gov't Code Ann. § 552.022(a), or "considered to be confidential by law, either constitutional,
statutory, or by judicial decision," see id. § 552.101, we hold that they are not excepted from the
disclosure requirement of the PIA. See id. § 552.021. Accordingly, we reverse the district court
judgment granting the Commission's and GameTech's motions for summary judgment, and we
render judgment declaring that the settlement letters are not excepted from the disclosure
requirements of the PIA. 


 _____________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson and Puryear

Reversed and Rendered

Filed: June 17, 2009



 

1. The settlement letters were not made part of the appellate record, but are described in an
affidavit in support of the Commission's motion for summary judgment.
2. The Commission did not ask the Attorney General for a ruling on the section 552.101
exception in its first request for an opinion--at that time the Commission asserted only the litigation
exception as a basis for withholding the settlement letters. See Tex. Gov't Code Ann. § 552.103.
3. Because GameTech's suit against the Attorney General and the Commission was then
pending, in its second opinion the Attorney General declined to address whether the settlement
letters were excepted from disclosure under section 552.101 of the PIA.
4. At the summary judgment hearing, the Commission withdrew its argument that the section
552.103 litigation exception applied to the settlement letters. Because, by that time, the
Commission's enforcement action against GameTech had been resolved, the Commission believed
the litigation exception no longer applied. See Tex. Att'y Gen. Op. MW00575 (1982) (applicability
of section 552.103 ends once litigation has been concluded or is no longer reasonably anticipated). 
Consequently, the litigation exception to disclosure under the Texas Public Information Act is not
at issue in this appeal. See Tex. Gov't Code Ann. § 552.103.
5. Furthermore, at least one federal district court in Texas has expressly declined to recognize
a "settlement negotiations" privilege. See Performance Aftermarket Parts Group, Ltd. v. TI Group
Auto. Sys., Inc., No. H-05-4251, 2007 U.S. Dist. LEXIS 34650, at *9 (S. D. Tex. May 11, 2007).