# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00257-CV

**Greg Abbott, in his official capacity as Attorney General of Texas, Appellant**

**v.**

**GameTech International, Inc.; Anthony J. Sadberry, in his official capacity as Executive Director of the Texas Lottery Commission; and Texas Lottery Commission, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. D-1-GN-05-001668, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Greg Abbott, in his official capacity as Attorney General of Texas ("the Attorney General") appeals from a summary judgment granted in favor of GameTech International, Inc., Anthony Sadberry, in his official capacity as Executive Director of the Texas Lottery Commission, and the Texas Lottery Commission ("the Commission"), in their suits seeking a declaration that certain documents in the Commission's possession are exempt from the disclosure requirements of the Texas Public Information Act ("PIA"). *See* Tex. Gov't Code Ann. §§ 552.001-.353 (West 2004 & Supp. 2008). We will reverse the district court's summary judgment and render judgment declaring that the documents are not exempt from disclosure.

**FACTUAL AND PROCEDURAL BACKGROUND**

GameTech is a manufacturer of electronic bingo devices. In Texas, GameTech's equipment is used by charitable organizations licensed to raise funds by conducting bingo games. GameTech's business activities are regulated by the Commission under the Texas Bingo Enabling Act. *See* Tex. Occ. Code Ann. §§ 2001.001-.657 (West 2004 & Supp. 2008). In 2002, Steve Hieronymous, a former distributor of GameTech equipment, filed a complaint with the Commission, alleging that GameTech engaged in price fixing and unlicensed distribution of bingo equipment in violation of Texas law. Hieronymous filed subsequent complaints in 2003 and 2004 complaining of GameTech's activities in the bingo industry. In January 2005, the Commission initiated an enforcement action against GameTech. Thereafter, GameTech and the Commission engaged in discussions related to the enforcement action, including settlement negotiations.

In February and March 2005, Hieronymous sent the Commission two public information requests pursuant to the PIA. *See* Tex. Gov't Code Ann. §§ 552.001-.353. The requests sought copies of documents and communications exchanged between the Commission and GameTech or GameTech's attorney. *See* Tex. Gov't Code Ann. § 552.021. The Commission complied with both requests but in each case withheld from disclosure two documents ("the settlement letters"), which the Commission described as follows:

1.  A letter dated February 11, 2005 from the Commission's staff attorney to GameTech's attorney in which the Commission offered terms for settling the issues and controversies between the Commission and GameTech; and

2

2.  A letter dated March 3, 2005 from GameTech's attorney to the Commission's staff attorney in which GameTech proposed a counter-offer of settlement for the Commission's consideration.[1]

The Commission withheld the settlement letters on the ground that they were excepted from disclosure under sections 552.101 and 552.103 of the government code. *See* Tex. Gov't Code Ann. §§ 552.101 ("Information is excepted from the requirements of Section 552.021 if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision."); 552.103 ("Information is excepted from the requirements of 552.021 if it is information relating to [pending or reasonably anticipated] litigation of a civil or criminal nature to which the state or a political subdivision is or may be a party . . . .").

Pursuant to section 552.301 of the PIA, the Commission twice sought opinions from the Attorney General regarding whether the settlement letters fell within either exception. *See* Tex. Gov't Code Ann. § 552.301 (governmental body receiving written request for information it wishes to withhold must ask for decision from attorney general regarding whether information falls within specified exception).[2]  In its first opinion, the Attorney General stated that, although the settlement letters were information relating to reasonably anticipated litigation, they were not covered by the litigation exception because they had been exchanged between GameTech and the Commission. *See* OR2005-03642 ("Once information has been obtained by all parties to a

---

[1]  The settlement letters were not made part of the appellate record, but are described in an affidavit in support of the Commission's motion for summary judgment.

[2]  The Commission did not ask the Attorney General for a ruling on the section 552.101 exception in its first request for an opinion—at that time the Commission asserted only the litigation exception as a basis for withholding the settlement letters. *See* Tex. Gov't Code Ann. § 552.103.

litigation through discovery or otherwise, no section 552.103(a) interest exists with respect to that information.").

Although GameTech did not participate in the open records ruling process before the Attorney General, GameTech filed suit in district court against the Commission and the Attorney General seeking a declaration that the settlement letters were excepted from disclosure under the PIA. *See* Tex. Gov't Code Ann. §§ 552.3215, .325. The Commission filed a cross-claim against the Attorney General likewise seeking a declaration that the settlement letters were excepted from disclosure under the section 552.103 litigation exception and the section 552.101 confidential-information exception.[3]

The Commission moved for summary judgment asserting that, pursuant to PIA sections 552.022(a) and 552.101, the settlement letters were considered confidential by law, specifically by the confidentiality provisions contained in chapter 154 of the civil practice and remedies code and chapter 2009 of the government code, both of which afford confidentiality to communications made by participants to, and during the course of, an alternative dispute resolution procedure. *See* Tex. Gov't Code Ann. §§ 552.022(a), .101, 2009.054 (West 2008); Tex. Civ. Prac. & Rem. Code Ann. § 154.073 (West 2005).[4] GameTech moved for summary judgment on the

---

[3] Because GameTech's suit against the Attorney General and the Commission was then pending, in its second opinion the Attorney General declined to address whether the settlement letters were excepted from disclosure under section 552.101 of the PIA.

[4] At the summary judgment hearing, the Commission withdrew its argument that the section 552.103 litigation exception applied to the settlement letters. Because, by that time, the Commission's enforcement action against GameTech had been resolved, the Commission believed the litigation exception no longer applied. *See* Tex. Att'y Gen. Op. MW00575 (1982) (applicability of section 552.103 ends once litigation has been concluded or is no longer reasonably anticipated). Consequently, the litigation exception to disclosure under the Texas Public Information Act is not

same ground, and also claimed that public policy and common law privacy rendered the settlement letters confidential. The Attorney General filed a cross-motion for summary judgment asserting that there was no applicable law that rendered the settlement letters confidential under either section 552.101 or 552.022(a) of the PIA.

The district court granted both GameTech's and the Commission's motions for summary judgment. The district court's judgment states that the settlement letters "are settlement negotiations excepted from mandatory disclosure under Tex. Gov't Code § 552.101 pursuant to Tex. Gov't Code ch. 2009 and Tex. Civ. Prac. and Rem. Code ch. 154." The court denied the Attorney General's motion for summary judgment. This appeal followed. By one issue, the Attorney General contends that, because the settlement letters were not communications between parties to an alternative dispute resolution procedure, the confidentiality provisions in chapter 154 of the civil practice and remedies code and chapter 2009 of the government code do not apply, and the district court erred in finding an exception to the mandatory disclosure requirement of the PIA.

## STANDARD OF REVIEW

We review the district court's granting of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party moving for summary judgment must demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). The burden of proof is on the movant, and we take as true all evidence favorable to the

---

at issue in this appeal. *See* Tex. Gov't Code Ann. § 552.103.

nonmovant, and indulge every reasonable inference and resolve all doubts in the nonmovant's favor. *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Texas Worker's Comp. Comm'n v. Patient Advocates*, 136 S.W.3d 643, 648 (Tex. 2004).

This appeal involves statutory construction, which presents questions of law that we review de novo. *Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex. 2002); *Sanchez v. Texas State Bd. of Med. Exam'rs*, 229 S.W.3d 498, 512 (Tex. App.—Austin 2007, no pet.). In construing a statute, our task is to determine and give effect to the legislature's intent. *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2006); *National Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000); *see also* Tex. Gov't Code Ann. § 312.005 (West 2005). We ascertain that intent "first and foremost" from the statute's language as written. *Sanchez*, 229 S.W.3d at 512. We consider the statute as a whole, not as isolated individual provisions, and we do not give one provision a meaning out of harmony or inconsistent with other provisions, even though it might be susceptible to such a construction standing alone. *See Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). In determining legislative intent, we may also consider the consequences of a particular construction. *See* Tex. Gov't Code Ann. § 311.023 (West 2005); *City of Austin v. Southwestern Bell Tel. Co.*, 92 S.W.3d 434, 442 (Tex. 2002).

## DISCUSSION

Under the PIA, information that is "collected, assembled or maintained . . . in connection with the transaction of official business" by a governmental body is "public information." Tex. Gov't Code Ann. § 552.002(a). Public information may not be withheld from disclosure except as expressly provided by the PIA. *Id.* § 552.006; *Arlington Indep. Sch. Dist. v. Texas Attorney Gen.*, 37 S.W.3d 152, 157 (Tex. App.—Austin 2001, no pet.). The PIA is to be liberally construed in favor of granting requests for information. Tex. Gov't Code Ann. § 552.001(b). Exceptions to the disclosure requirement of the PIA are narrowly construed. *Arlington Indep. Sch. Dist.*, 37 S.W.3d at 157. The issue here is whether the settlement letters fall within an exception to disclosure recognized by the PIA.

The Commission and GameTech contend that the settlement letters are excepted from disclosure by sections 552.022 and 552.101 of the PIA. Section 552.022 provides that certain listed categories of information are public information not excepted from disclosure under the Act "unless they are expressly confidential under other law." Tex. Gov't Code Ann. § 522.022(a). Section 552.101 provides that information is excepted from the disclosure requirement if it is "considered to be confidential by law, either constitutional, statutory, or by judicial decision." *Id.* § 552.101. The Attorney General argues that there is no "other law" that renders the settlement letters confidential, and therefore the PIA requires that they be disclosed.

7

***Confidential Under Other Law: Statutes***

The Commission and GameTech assert that the "other law that makes the settlement letters expressly confidential are chapter 2009 of the government code and chapter 154 of the civil practice and remedies code." Chapter 2009 of the government code, the Governmental Dispute Resolution Act, extends confidentiality to any communication "made between an impartial third party and the parties to the dispute or between the parties to the dispute during the course of an alternative dispute resolution procedure." Tex. Gov't Code Ann. § 2009.054(b)(1). Chapter 154 of the civil practice and remedies code, which contains the procedures for alternative dispute resolution, provides in pertinent part:

> [A] communication relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution procedure, whether before or after the institution of formal judicial proceedings, is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding.

Tex. Civ. Prac. & Rem. Code Ann. § 154.073(a). In order for the settlement letters to be confidential under these statutes, they must be communications made during the course of, and by a participant in, an "alternative dispute resolution procedure."

The Governmental Alternative Dispute Resolution Act defines an "alternative dispute resolution procedure" to include a procedure, or combination of procedures, described by chapter 154 of the civil practice and remedies code. Tex. Gov't Code Ann. § 2009.003(1). The following alternative dispute resolution procedures are described in chapter 154: mediation, mini-trial, moderated settlement conference, summary jury trial, and arbitration. Tex. Civ. Prac. & Rem. Code

8

Ann. §§ 154.023-.027. Each of these procedures contemplates the participation of an impartial third party to facilitate the resolution of the dispute. The alternative dispute resolution procedures described in chapter 154 do not include informal settlement negotiations between the parties conducted without an impartial third-party facilitator.

The Governmental Alternative Dispute Resolution Act permits a governmental body to "develop and use" alternative dispute resolution procedures to supplement the procedures available for dispute resolution so long as they are consistent with chapter 154 of the civil practice and remedies code. *See* Tex. Gov't Code Ann. §§ 2009.051(a), .052. For example, the Commission has adopted rules for mediation of claims brought by contractors under chapter 2260 of the government code. *See* 16 Tex. Admin. Code §§ 403.214-.218 (2006) (Tex. Lottery Comm'n). The Commission's rules provide that mediation of such disputes is "confidential in accordance with Government Code, § 2009.054." *See id.* §§ 403.215, .217. However, neither the Commission nor GameTech demonstrates, or even argues, that the Commission has adopted rules making settlement discussions between parties to an existing or potential enforcement action an alternative dispute resolution procedure afforded the confidentiality protections of government code chapter 2009.

GameTech further contends that the definition of alternative dispute resolution procedures in chapter 154 includes "conciliation," and therefore informal settlement negotiations must constitute an alternative dispute resolution procedure described in that chapter and covered by the confidentiality provisions of the Governmental Dispute Resolution Act. We disagree. The word "conciliation" appears in section 152.001 of the government code, which defines alternative dispute resolution systems that may be established by counties; it is not one of the alternative dispute

resolution procedures described in civil practice and remedies code chapter 154. *See* Tex. Civ. Prac. & Rem. Code Ann. § 152.001. Moreover, the provision states that "an 'alternative dispute resolution system' means an informal *forum* in which mediation, conciliation or arbitration is used to resolve disputes." *Id.* (emphasis added). The word "forum" connotes something more than two parties to a dispute privately discussing settlement and exchanging settlement offers. *See* Black's Law Dictionary 680 (8th ed. 2004) (defining "forum" as: "A court or other judicial body; a place of jurisdiction.").

In the present case, the Commission and GameTech engaged in private settlement discussions—they were not participants in any of the alternative dispute resolution procedures described in chapter 154 of the civil practice and remedies code, nor were they engaged in an alternative dispute resolution procedure developed by the Commission under chapter 2009 of the government code. *See* Tex. Civ. Prac & Rem. Code Ann. §§ 154.023-.027; Tex. Gov't Code Ann. § 2009.051. Even if the exchange of the settlement letters at issue in this case, consisting of an offer and counter-offer, could be generally classified as an "alternative dispute resolution procedure," it is not one covered by the confidentiality provisions contained in either chapter 154 of the civil practice and remedies code or chapter 2009 of the government code.

***Confidential Under Other Law: Judicial Decision/Common Law***

The Commission next maintains that the settlement letters are expressly excepted from disclosure under the PIA because they contain information considered to be confidential by judicial decision. *See* Tex. Gov't Code Ann. § 552.101 (information expressly considered confidential by judicial decision excepted from disclosure); *In re City of Georgetown*,

53 S.W.3d 328, 332 (Tex. 2001) (term "other law" in section 552.022(a) includes judicial decisions and rules promulgated by the judiciary, such as rules of procedure and evidence). There is, however, no judicially recognized privilege exempting settlement negotiations from disclosure, nor do Texas courts recognize a common-law right to withhold settlement negotiations as confidential communications. Although settlement negotiations are *inadmissible* at trial to prove liability for or invalidity of a claim or its amount, *see* Tex. R. Evid. 408, they are admissible for other purposes and are not exempt from discovery under the rules of civil procedure or evidence. *See* Tex. R. Civ. P. 192.3 (party may obtain discovery regarding any matter that is not privileged and is relevant to subject matter of dispute); Tex. R. Evid. 408, 501-513 (identifying discovery privileges, none of which protects settlement negotiations).

The cases the Commission cites do not support its contention that Texas courts recognize a "settlement negotiations" privilege. In *Avary v. Bank of America*, the court recognized that confidentiality is "an important part of the *statutory scheme of alternative dispute resolution*." 72 S.W.3d 779, 797 (Tex. App.—Dallas 2002, pet. denied) (emphasis added). The *Avary* court did not recognize a common law privilege for settlement negotiations; rather, it discussed the statutorily created confidentiality guarantees provided by the legislature in chapter 154 of the civil practice and remedies code. *Id.* The Commission's reliance on *In re Acceptance Insurance Company*, 33 S.W.3d 443 (Tex. App.—Fort Worth 2000, no pet.), is likewise misplaced. In that case, the court addressed the confidentiality provided by section 154.073 of the civil practice and remedies code to communications made by a participant to mediation. *Id.* at 452. The court did not recognize any common-law privilege that shields settlement negotiations from disclosure to third parties.

11

The Commission cites one case in which a federal court recognized a common-law settlement negotiations privilege. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003). There, the Sixth Circuit noted that the question of whether "communications made in furtherance of settlement negotiations are *discoverable* by litigants in another action is a matter of first impression in this Circuit." *Id.* at 979 (emphasis in original). The court observed that rule 501 of the Federal Rules of Evidence authorizes federal courts to determine new privileges by examining "common law . . . in the light of reason and experience." *Id.* (citing *Jaffee v. Redmond*, 518 U.S. 1, 8 (1996)). So authorized, the Sixth Circuit concluded that communications made in furtherance of settlement are privileged. *Id*. at 983. Essential to the *Goodyear Tire* holding, however, is the concept that federal courts are authorized to determine new discovery privileges. *See* Fed. R. Evid. 501. Texas courts have no such authority. Rule 501 of the Texas Rules of Evidence provides that:

> Except as otherwise provided by Constitution, by statute, by these rules, or by other rules prescribed pursuant to statutory authority, no person has a privilege to:
>
> (1) refuse to be a witness;
>
> (2) refuse to disclose any matter;
>
> (3) refuse to produce any object or writing;
>
> (4) prevent another from being a witness or disclosing any matter or producing any object or writing.

Tex. R. Evid. 501. Thus, rule 501 provides that only privileges grounded in certain specified sources—the Constitution, statute, the rules of evidence, or other rules established pursuant to

statute—are recognized in Texas. This Court has no authority to create a new common-law discovery privilege protecting settlement negotiations.[5]

We agree with the Commission and GameTech that the legislature has plainly expressed that it is the policy of the state to encourage peaceable resolution of suits, and that disputes before governmental bodies should be resolved as fairly and expeditiously as possible. *See* Tex. Gov't Code Ann. § 2009.002; Tex. Civ. Prac. & Rem. Code Ann. § 154.002. To encourage such resolution, the legislature has enacted a statute to extend confidentiality to certain communications and except them from disclosure. *See* Tex. Civ. Prac. & Rem. Code Ann. § 154.073. However, the scope of the confidentiality protection provided for settlement communications encompasses only communications made by participants in statutorily defined alternative dispute resolution procedures during the course of the procedure; it does not extend to the offer and counter-offer of settlement exchanged between the Commission and GameTech outside the context of an alternative dispute resolution procedure. *See* Tex. Gov't Code Ann. §§ 2009.003, .051. If the scope of the confidentiality protection is to be broadened, it is for the legislature, not this Court, to do so. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 631 (Tex. 2008) ("If the Legislature desires to amend the statute to add words so that the statute will then say what is contended for by the Estate, we are confident it will do so. However, changing the meaning of the statute by adding words to it, we believe, is a legislative function, not a judicial function."); *McIntyre v. Ramirez*, 109 S.W.3d 741, 748 (Tex. 2003) (court is not to second-guess policy choices that inform statutes or weigh

---

[5] Furthermore, at least one federal district court in Texas has expressly declined to recognize a "settlement negotiations" privilege. *See Performance Aftermarket Parts Group, Ltd. v. TI Group Auto. Sys., Inc.*, No. H-05-4251, 2007 U.S. Dist. LEXIS 34650, at *9 (S. D. Tex. May 11, 2007).

13

effectiveness of their results; rather, court's task is to interpret statutes in manner that effectuates legislature's intent); *City of Lubbock v. Cornyn*, 993 S.W.2d 461, 465 (Tex. App.—Austin 1999, no pet.). The statutes as written manifest an intent by the legislature to confer confidentiality protection only to communications made by parties to, and during the course of, a statutorily defined alternative dispute resolution procedure.

***Confidential Under Other Law: Right to Privacy***

Finally, GameTech asserts that a common-law right to privacy prevents disclosure of its settlement negotiations with the Commission. The common-law right to privacy prevents publicizing an individual's private affairs with which the public has no legitimate concern. *Industrial Found. v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 682 (Tex. 1976). The right to privacy prohibits the disclosure of embarrassing private facts about an individual. *Id.* In the context of the PIA, public information is excepted from mandatory disclosure if it (1) contains highly intimate or embarrassing facts about an individual, the publication of which would be highly objectionable to a reasonable person; and (2) is not of legitimate public concern. *Id.* at 685; *Austin Chronicle Corp. v. City of Austin*, No. 03-08-00596-CV, 2009 Tex. App. LEXIS 1381, at *14-15 (Tex. App.—Austin Feb. 24, 2009, no pet.) (mem. op.). There is no Texas authority recognizing a right to privacy on the part of a corporation, and we decline to recognize one here. *See Express One Int'l v. Steinbeck*, 53 S.W.3d 895-900 (Tex. App.—Dallas 2001, no pet.) (no authority in Texas recognizing corporation's right to privacy). In any event, even if a corporate right to privacy existed, GameTech has not met its burden of showing that the settlement letters, containing an offer and

14

counter-offer of settlement, include highly intimate or embarrassing facts the disclosure of which would be highly objectionable to a reasonable person.

## CONCLUSION

Because the settlement letters are not "expressly confidential under other law," *see* Tex. Gov't Code Ann. § 552.022(a), or "considered to be confidential by law, either constitutional, statutory, or by judicial decision," *see id.* § 552.101, we hold that they are not excepted from the disclosure requirement of the PIA. *See id.* § 552.021. Accordingly, we reverse the district court judgment granting the Commission's and GameTech's motions for summary judgment, and we render judgment declaring that the settlement letters are not excepted from the disclosure requirements of the PIA.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson and Puryear

Reversed and Rendered

Filed:   June 17, 2009

15