# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00221-CV

**Appellant, Texas Department of Public Safety// Cross-Appellant,
The Texas Observer**

**v.**

**Appellees, Greg Abbott, Attorney General for the State of Texas and
The Texas Observer// Cross-Appellee, Texas Department of Public Safety**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-05-003119, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## O P I N I O N

The Texas Department of Public Safety ("DPS") and the Texas Observer (the "Observer") appeal from the trial court's summary judgment declaring, consistent with the opinion of Texas Attorney General Greg Abbott, that DVDs[1] containing video recorded by security cameras in a Texas Capitol hallway were not confidential or excepted from public disclosure under the Texas Public Information Act (the "Act") and must be disclosed as requested. DPS contends that the DVDs are confidential because the information on them relates to the specifications, operating procedures, or location of a security system used to protect public property from terrorism. *See* Tex. Gov't Code Ann. § 418.182(a) (West 2005). DPS also asserts that the information is excepted

---

[1] DVDs ("digital video discs" or "digital versatile discs") are an optical disc electronic data storage medium.

from disclosure because it is an internal law enforcement record, the disclosure of which would interfere with law enforcement. *Id.* § 552.108 (West Supp. 2009). The Observer also appeals, contending that the trial court erred by denying the Observer's request to amend its pleadings to include a claim for attorneys' fees. We conclude that, because the DVDs contain information that relates to the specifications of the security system at the capitol, the DVDs at issue are not subject to disclosure under the Act. As a result of this conclusion, we need not address the merits of the denial of the Observer's motion to file an amended petition because the Observer would not be entitled to attorneys' fees even if allowed to file its amended petition. We reverse that part of the district court's judgment requiring disclosure of the DVDs, and render judgment that DPS is authorized to withhold the DVDs as confidential under government code section 418.182(a).

### Factual and Procedural Background

This cause arises from the Observer's request that DPS provide "any and all video taken of the second floor back hallway behind the House chamber on May 23rd[, 2005] from 8:00 a.m. to 10:00 p.m." The video recording has been downloaded to two DVDs. Asserting that the DVDs were excepted from disclosure under government code sections 418.182, 552.101, and 552.108, DPS requested an opinion from the attorney general regarding whether it could deny the Observer's request. DPS asserted that the DVDs were confidential because they revealed information related to a security system used to protect public property from terrorism and were excepted from disclosure because their release would interfere with law enforcement.

The attorney general opined that the DVDs were not excepted from disclosure. The attorney general determined that DPS had "not adequately shown how the submitted video taken

2

from Capitol security cameras relates to the specifications, operating procedures, or location of a security system used to protect public property from an act of terrorism or criminal activity related to terrorism." The attorney general concluded that the DVDs, therefore, were not confidential under government code section 418.182 and could not be withheld because DPS had not met its burden of proof. The attorney general also opined that DPS had "failed to demonstrate how release of the requested information would interfere with law enforcement" and, thus, did not merit application of the law enforcement exception of government code section 552.108.

DPS sued the attorney general seeking a declaration that the DVDs were excepted from disclosure. The Observer intervened, requesting an injunction ordering DPS to disclose the DVDs to the Observer. DPS moved for summary judgment on its claim for declaratory relief, and the Observer filed a cross motion for partial summary judgment. The trial court granted the Observer's motion for partial summary judgment and denied DPS's motion.

The Observer then sought to amend its petition to add a request for a writ of mandamus compelling DPS to release the DVDs. *See* Tex. Gov't Code Ann. § 552.321 (West 2004). The Observer asserted that this amendment did not alter the nature of the trial because the injunction set to be granted and the writ of mandamus would result in the same end—production of the DVDs. The Observer asserted that the omission of the petition for writ of mandamus was an oversight. DPS opposed the motion to amend, contending that trial of the amended petition would require presentation of additional and different evidence over and above a trial of attorneys' fees. The trial court denied the motion to amend the petition in intervention.

3

In its final judgment, the trial court stated that the video recordings were not confidential or excepted from public disclosure under the Act. The trial court ordered DPS to produce the two DVDs, but denied the Observer's claim for attorneys' fees and all other requested relief. DPS and the Observer both appeal.

***Standard of Review***

We review the summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). The standards for reviewing a summary judgment are well established: (1) the movant must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether a disputed issue of material fact exists that would preclude summary judgment, we take all evidence favorable to the non-movant as true; and (3) we indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). When, as here, both parties file motions for summary judgment, we must review the summary judgment evidence presented by both sides, decide all questions presented, and render the judgment that the trial court should have rendered. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When both motions are before the court, the court may consider all the summary judgment evidence in deciding whether to grant either motion. *Dallas County Appraisal Dist. v. Institute for Aerobics Research*, 766 S.W.2d 318, 319 (Tex. App.—Dallas 1989, writ denied). The court can consider one party's evidence in support of the other party's motion. *DeBord v. Muller*, 446 S.W.2d 299, 301 (Tex. 1969); *Knighton v. International Bus. Machs. Corp.*, 856 S.W.2d 206, 208-09 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Whether information

4

is subject to the Act and whether an exception to disclosure applies to the information are questions of law. *City of Garland*, 22 S.W.3d at 357 (citing *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 674 (Tex. 1995)).

When interpreting statutes, courts should ascertain and give effect to the legislature's intent as expressed by the plain meaning of the words in the statute. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We use definitions prescribed by the legislature and any technical or particular meaning the words have acquired, but otherwise we construe the statute's words according to their plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to nonsensical or absurd results. *FKM P'ship, Ltd. v. Board of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008); *see also* Tex. Gov't Code Ann. § 311.011 (West 2005). We must presume that every word of a statute was used for a purpose, and that every word excluded from a statute was excluded for a purpose. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995).

The purpose of the Act is to provide public access to complete information about the affairs of the government and the official acts of public officials and employees. Tex. Gov't Code Ann. § 552.001 (West 2004). In light of the Act's strong policy favoring disclosure of public information, and consistent with the Act's placement of the burden of proof on a governmental body when seeking an open records determination from the attorney general, the governmental entity has the burden of proving in a judicial proceeding that an exception to disclosure applies. *Thomas v. Cornyn*, 71 S.W.3d 473, 488 (Tex. App.—Austin 2002, no pet.)

5

(citing Tex. Gov't Code Ann. § 552.001 (requiring that Act be liberally construed in favor of granting requests for information), § 552.006 (West 2004) (prohibiting the withholding of public information except as expressly provided), § 552.302 (West Supp. 2009) (creating presumption, absent compelling reason, that information is public where governing body fails to request attorney general opinion)). Exceptions to the Act should be construed narrowly. *See* Tex. Gov't Code Ann. § 552.001(b); *City of Garland*, 22 S.W.3d at 364; *Envoy Med. Sys., L.L.C. v. State*, 108 S.W.3d 333, 336 (Tex. App.—Austin 2003, no pet.).

### DPS's Appeal

Information is excepted from disclosure under the Act if it is considered to be confidential by law—either constitutional or statutory provision or by judicial decision. Tex. Gov't Code Ann. § 552.101 (West 2004). DPS contends that the information contained on the DVDs at issue is confidential under the following statutory provision:

> (a) Except as provided by Subsections (b) and (c), information, including access codes and passwords, in the possession of a governmental entity that relates to the specifications, operating procedures, or location of a security system used to protect public or private property from an act of terrorism or related criminal activity is confidential.
>
> (b) Financial information in the possession of a governmental entity that relates to the expenditure of funds by a governmental entity for a security system is public information that is not excepted from required disclosure under Chapter 552.
>
> (c) Information in the possession of a governmental entity that relates to the location of a security camera in a private office at a state agency, including an institution of higher education, as defined by Section 61.003, Education Code, is public information and is not excepted from required disclosure under Chapter 552 unless the security camera:

6

(1) is located in an individual personal residence for which the state provides security; or

(2) is in use for surveillance in an active criminal investigation.

*Id.* § 418.182.

The video on the DVDs is information in the possession of a governmental entity recorded by part of a security system used to protect public property from terrorism or related criminal activity. The exceptions in (b) and (c) do not apply. The information requested and on the DVDs is not access codes or passwords, nor is it manuals or schematics that expressly detail the specifications, operating procedures, or location of the security cameras. The issue on appeal with respect to section 418.182 is whether the summary judgment record is sufficient to demonstrate that the information on the DVDs relates to the specifications, operating procedures, or location of the capitol security system.

The legal question reduces to whether the information on the DVDs "relates to the specifications" of the security system. *See id*. § 418.182(a). The legislature did not specifically define the operative words here—"relates to" and "specifications." In ordinary use, "relates to" means to have a connection with, to refer to, or to concern. Specifications of a machine or system are typically a list of its physical or technical attributes and capabilities.[2] For cameras, specifications

---

[2] Although we need not resort to a dictionary because the statute uses the words' ordinary meanings, our understanding of the words is consistent with definitions in Black's Law Dictionary. It defined "relate" as meaning "[t]o stand in relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." Black's Law Dictionary 1288 (6th ed. 1990). (Subsequent editions have not included a definition of "relate.") It defines "specifications" as "a detailed statement, esp. of the measurements, quality, materials, or other items to be provided under a contract." Black's Law Dictionary 1528 (9th ed. 2009).

7

can include such details as camera size, lens dimensions, zoom capabilities, low-light capabilities, and resolution of the images captured. The use of the term "relates to" has the effect of broadening the scope of section 418.182 to shield more information than just the specifications, operating procedures, and locations. The terminology "relates to" is very broad in its ordinary usage, and we must presume that the legislature used such a broad formulation purposely. To conclude otherwise would be to judicially truncate the ordinary meaning of the words "relates to." Nevertheless, the relationship between the information requested and the specifications of a security system cannot be too tenuous, or the exception will swallow the general preference for disclosure.[3] *Cf. New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995) ("relates to" cannot infinitely stretch scope of the term it modifies). The question before this Court, then, is whether the broad scope of section 418.182(a) includes the recordings of video images captured by the security system used to protect the hallway behind the House chamber outside the speaker's office at the capitol.

Appellees contend that our analysis is controlled by cases holding that public information is not rendered confidential merely because it can be combined with other information or knowledge to reveal confidential information. *See A & T*, 904 S.W.2d at 675-76; *City of Lubbock v. Cornyn*, 993 S.W.2d 461, 465 (Tex. App.—Austin 1999, no pet.). *A & T*

---

[3] A curious aspect of the issue in this case is the problem of construing a broad legislative formulation narrowly as required when construing exceptions to disclosure under the Texas Public Information Act. We must construe the words the legislature used. In this instance, the exception is written with a rather broad scope. We interpret the statutory provision as written, giving it the broad application the words require, while taking care not to extend it beyond what the words require.

concerned a request for information originally rejected based on a provision of the tax code deeming confidential all information secured, derived, or obtained by the comptroller during an examination of the taxpayer's books and records. *See A & T*, 904 S.W.2d at 675 (citing Tex. Tax Code Ann. § 111.006 (West Supp. 2009)). The comptroller contended that the requested information was confidential because, when coupled with knowledge of changes in the tax laws, it could be used to deduce information that was plainly confidential under the statute. *See id.* The supreme court concluded, however, that the requestor's intended use of the information is irrelevant to its confidentiality, even if it can be used to deduce otherwise confidential information. *Id.* at 676.

In *City of Lubbock*, this Court affirmed a judgment that accident reports must be disclosed to requestors despite a statute apparently intended to limit disclosure to persons involved in the accident. 993 S.W.2d at 463. The reports were confidential, but available to persons who knew two of the three key facts: the date of the accident, the name of a person involved in the accident, and the specific location of the accident. *Id.* at 464. Persons not otherwise aware of these key facts, however, requested police dispatch logs to learn the key facts and then used the key facts to request the accident reports.[4] *Id.* The City of Lubbock sought to deny release of the accident reports to persons who did not know the key facts before requesting the dispatch logs. *Id.* at 464-65. This Court held that the City had no discretion to withhold the accident reports to persons with the key facts regardless of how they learned those facts. *Id.* at 465.

---

[4] The legislature had required that requestors know two of the key facts to merit disclosure of the dispatch logs, but implementation of that statute was enjoined at the time of the requests at issue. *City of Lubbock v. Cornyn*, 993 S.W.2d 461, 464 (Tex. App.—Austin 1999, no pet.)

9

*A & T* and *City of Lubbock* do not control this case, however, because the scopes of the respective statutes and the information requested differ in crucial respects from those in this case. The statutes in those cases limited the scope of the confidentiality shield to defined types of information. *See A & T*, 904 S.W.2d at 675 (information secured, derived, or obtained by the comptroller during an examination of the taxpayer's books and records); *City of Lubbock*, 993 S.W.2d at 463 (accident reports when requested by people ignorant of key facts). The requests in those cases did not transgress on the protected information. *See A & T*, 904 S.W.2d at 677 (information requested concerned comptroller's records and actions); *City of Lubbock*, 993 S.W.2d at 465 (accident reports requested by persons knowing key facts). By contrast, the statute at issue in this case deems confidential not just the specifications of the security system, but also information that *relates to* the specifications. The legislature did not limit its protection to information that would reveal the exact specifications through indirect means—for example, protecting information listing the type of camera purchased because that knowledge could enable a requestor to learn the specifications from another source like an equipment manual or electronics store website. Instead, the legislature cast a protective shroud over all information that *relates to* the specifications, thereby giving section 418.182(a) quite a broad reach in protecting information regarding security systems designed to protect public property. Therefore, we consider whether the images recorded on the requested DVDs by the security system cameras relate to the specifications of the capitol security system, and whether the requested video therefore triggers the confidentiality shield.

DPS contends that the information on the DVDs relates to the specifications of the capitol's security system through its demonstration of the capabilities and use of the cameras

10

in the hallway outside the speaker's office. DPS's Supplemental Answers to Interrogatories attached to the Observer's motion for partial summary judgment describe information relating to specifications that are revealed by the images on the DVDs. In the answers, DPS states that:

- "Viewing the DVDs at issue would reveal . . . the cameras' clarity, range, angle, the DVDs' clarity and precision, [and] whether the cameras record in color or black and white . . . ."

- "A terrorist could discern at exactly what point in the hallway objects that are similar in size to any object being carried in the video become recognizable on the security camera or if objects that size ever become recognizable."

- "A terrorist could also discern at what point in the hallway faces become recognizable . . . ."

- "Viewing the DVDs would also inform a viewer whether the system's recording abilities allow the recorded image to be zoomed in and out, moved, enlarged, sharpened, and/or brightened—all further specifications of the security system."

DPS contends that this information relates to the specifications, operating procedures, or location of the security system at the capitol and is protected from disclosure under section 418.182(a). Appellees argue that this information is not related to the type of information subject to the exception.

The DVDs certainly contain some information that is unrelated to the exception to disclosure at issue here. The underlying narrative illustrated by the images on the DVDs of who was in the hall, when they were there, and what they did while there is unrelated to the specifications of the security system. The medium of transmission of that underlying narrative, however, inescapably relates to the specifications of the security system. The images on the DVDs are captured and

11

reproduced by the components of the security system. Specifications of a security system include the cameras' capabilities, and the DVDs demonstrate these capabilities through the characteristics, quality, and clarity of the images recorded. No single image, series of images, or day's footage necessarily reveals the full range of capabilities described by the specifications for the cameras, much less for the entire system. Disclosure of the full specifications is not required to trigger confidentiality, however. Under the statute, information is confidential if it *relates to* the specifications. *See* Tex. Gov't Code Ann. § 418.182(a). The images recorded on the DVDs relate to the specifications by demonstrating the capabilities of the cameras in action. The use this or any other requestor might make of the knowledge of the specifications as revealed by the images is not a factor in our decision. The DVDs are confidential, not because a requestor might use them to deduce particular specifications of the security system, but because the information on the DVDs relates to the specifications of the security system. We conclude that the recorded images necessarily relate to the specifications of the security system that recorded them. Once this relationship is acknowledged, the language of section 418.182 protects the information from disclosure. Whether this protection is good policy or in the public interest is a question for the legislature. As it currently stands, section 418.182 is a plain legislative choice to broadly protect information relating to security systems on public property. We apply that choice.

The language of the remainder of section 418.182 limiting the scope of its exception does not alter the analysis. The legislature's choice not to restrict public access to financial information regarding expenditures on security systems reflects the weight of the public's interest in how its funds are being used. *See id*. § 418.182(b). Although the

12

financial information might be used to deduce information otherwise protected by the exception including the specifications of the system, the legislature has determined that the public's interest in the use of taxpayer revenues justifies that risk. That choice is reconcilable with a decision not to disclose video recordings of areas monitored by this system that would show the specifications, operating procedures, and locations in action—a different, but related, set of information. Similarly, the choice to disclose information relating to the location of a security camera in a private office at a state agency is not inconsistent with a choice to withhold recordings from security cameras—even from a security camera in that private office. *See id*. § 418.182(c). Disclosing the location of such cameras does not require disclosure of information relating to the specifications or operating procedures. In fact, the statute still forbids disclosure of information relating to the specifications or operating procedures of cameras in private offices in public buildings. While disclosure of the location of such cameras might impinge on some of the concerns raised by DPS in this case, that is the product of the legislature's policy determination that created the Texas Public Information Act and its exceptions.

Appellees argue that the legislature's choice not to expressly deem all video recorded by security systems confidential is significant. The Observer argues that finding this video confidential in the absence of such language incorrectly ignores the legislature's choice to omit such language. *See Laidlaw*, 904 S.W.2d at 659. The legislature, however, chose to use the relatively broad term "relates to" in creating this exception, to carve out two express limitations on the exception in subsections (b) and (c), and to not exempt video recorded by the system from the exception. The limitations on the scope of the confidentiality exception in subsections (b) and

(c) highlight the fact that, had the legislature wanted to require disclosure of video recordings, it could have expressly done so. Instead, the legislature chose to exclude not just videos taken by security systems that relate to the systems' specifications, but other unspecified information that relates to the specifications of the system. We conclude that finding the video not confidential under section 418.182(a) would ignore the legislature's choice to protect all information that "relates to the specifications" as confidential.

Appellees urge that legislative history shows that the legislature did not intend DVDs containing video footage from the security system's cameras to be confidential. When a statute's language is clear and unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids to construe the language. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex. 2008). We have concluded that the words used in the statute clearly and unambiguously manifest an intent to shield all information that relates to the security system's specifications—information that includes the information on the DVDs at issue. Even if we considered the legislative history proposed by appellees, we would not be persuaded to reach a different conclusion. The legislators quoted in the legislative history express a desire to balance the public's right to know how government operates with the public's interest in protection from terrorism. Nothing in their comments or in the legislative history suggests that the language as passed does not strike this balance as the legislature intended. Our conclusion in this case is consistent with the legislature's balance of those interests as expressed through the words of the statute.

Because the DVDs contain video images recorded by the capitol's security system, they contain information that relates to the specifications of a security system used to protect

14

public property from an act of terrorism or related criminal activity. Accordingly, the DVDs at issue here are confidential and excepted from disclosure. We need not consider whether the DVDs are confidential or excepted from disclosure under any other theory because the determination would not alter the disposition of this case on appeal. *See* Tex. R. App. P. 47.1.

### *The Observer's Appeal*

In its appeal, the Observer contends that the trial court erred by denying its motion to file an amended plea in intervention. The Observer sought, a day after the hearing on the motions for summary judgment, to amend its petition to include a petition for writ of mandamus. The amendment would have entitled the Observer to attorneys' fees in the event it "substantially prevailed" on its amended petition. *See* Tex. Gov't Code Ann. § 552.323 (West Supp. 2009). The trial court denied leave to amend and denied the Observer's request for a discretionary award of attorneys' fees related to its declaratory judgment action. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2008). The Observer does not appeal the denial of the discretionary award, but contends that the trial court erred by rejecting the amendment and, thus, barring the mandatory award of fees.

Because we conclude that the DVDs are not subject to disclosure, the Observer is not entitled to mandamus relief ordering disclosure of the DVDs. Even if the amended petition had been permitted, the Observer would not substantially prevail on its claim for mandamus relief and would not be entitled to attorneys' fees under section 552.323. Any error in denying the motion for leave to file the amended petition was harmless. We need not consider whether the trial court erred by

15

denying the Observer's motion to file an amended petition because a finding of error would not alter the disposition of this case on appeal. *See* Tex. R. App. P. 47.1.

### *Conclusion*

We reverse the trial court's grant of the Observer's motion for partial summary judgment and the trial court's denial of DPS's motion for summary judgment. We grant DPS's motion and render judgment declaring that the requested DVDs are confidential and that DPS is authorized to withhold them from disclosure pursuant to Texas Government Code section 418.182(a).

_____

G. Alan Waldrop, Justice

Before Justices Puryear, Waldrop and Henson

Reversed and Rendered

Filed:  April 29, 2010