**Affirmed and Memorandum Opinion filed January 28, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00264-CV

### STETSON ROANE, Appellant

### V.

### KEN PAXTON, ATTORNEY GENERAL OF TEXAS; AND SEGUIN INDEPENDENT SCHOOL DISTRICT, Appellees

**On Appeal from the 200th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-17-001843**

## MEMORANDUM OPINION

Stetson Roane appeals from the trial court's summary judgment declaring that information marked as In Camera Sealed Exhibit 1 is not excepted from required public disclosure and must be released by Seguin Independent School District ("the District") because claimed exceptions under the Public Information Act ("PIA") do not apply. *See* Tex. Gov't Code Ann. § 552.101 (excepting information considered confidential by law). In two issues Roane challenges the trial court's rulings granting

the appellees' summary judgment and denying his summary judgment. We conclude the information ordered to be disclosed is not exempt from disclosure and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Roane served as superintendent of the District from July 2015 through February 28, 2017. On January 26, 2017, an employee of the District filed a sexual harassment complaint against Roane. The events giving rise to the sexual harassment complaint occurred at an out-of-town conference related to education and the employee's work with the District. Roane resigned as superintendent on February 28, 2017.

Between January 31, 2017 and April 6, 2017, the District received several open records requests under the PIA from persons associated with various media outlets. The requests included:

- Any and all former complaints against Roane as superintendent;
- All information concerning the sexual harassment complaint against the superintendent and any other complaints being investigated by the District, and information concerning payment of the superintendent's attorneys' fees and alcohol research;
- Investigative report regarding the superintendent that was delivered to the District board on February 21;
- The superintendent's separation agreement;
- The agreement placing the superintendent on paid administrative leave;
- All complaints filed against the superintendent and the settlement agreement;
- The letter to the Attorney General in response to media requests for public information; and
- Information about a polygraph test including the test results.

2

The District notified Roane of his right to file a third-party objection with the Texas Attorney General's Office ("OAG") to disclosure of the requested information. *See* Tex. Gov't Code Ann. § 552.305. On February 21, 2017, Roane filed a timely request with the OAG in which Roane asserted that the requested information fell under the common-law privacy exception to the PIA, specifically, that the requested information was (1) highly intimate or embarrassing; and (2) not of legitimate concern to the public. *See* Tex. Gov't Code Ann. § 552.101. The District requested a determination from the OAG that certain PIA exceptions applied to the information. *See* Tex. Gov't Code Ann. §§ 552.101 (information considered to be confidential by law); 552.103 (information related to litigation of a civil or criminal nature to which the governmental agency is or may be a party); 552.107 (information protected by the attorney-client privilege); 552.116 (audit working papers); 552.117 (confidentiality of certain identifying information); and 552.135 (name of student or employee of school district who has furnished a report of another person's possible violation of criminal, civil, or regulatory law to the school district or proper regulatory enforcement authority).

On April 24, 2017, the OAG issued an opinion letter addressing the District's alleged exceptions to the PIA. *See* Tex. Att'y Gen. OR2017-08661. The OAG found that the information marked as "audit working papers" and certain identifying information was exempt from disclosure and the District could withhold that information. *Id.*; *see also* Tex. Gov't Code Ann. §§ 552.116; 552.117; 552.135. The OAG further found that with regard to the investigation into the alleged incident of sexual harassment the District should redact the identities of victims and witnesses, but could not withhold the remaining information in conjunction with common-law privacy. *See* Tex. Gov't Code Ann. § 552.101. Roane filed notice with the OAG that he objected to its finding on common-law privacy.

3

The OAG subsequently issued two additional letter rulings in which it found certain information to be protected by the attorney-client privilege and section 552.107 of the Government Code. *See* Tex. Att'y Gen. OR2017-10411. The OAG further held that the District could not release information obtained as a result of a polygraph test. *See* Tex. Att'y Gen. OR2017-13127.

Roane filed suit seeking a declaratory judgment that the requested information was exempt from disclosure under sections 552.101 and 552.117 of the Texas Government Code. *See also* Tex. Gov't Code Ann. § 552.325 (parties to suit seeking to withhold information). After Roane's suit was filed the District identified 79 pages of documents that were responsive to the PIA request ("In Camera Sealed Exhibit 1"). Roane filed a motion for summary judgment in the trial court in which he alleged that the documents were not subject to disclosure under the PIA because they contained highly intimate and embarrassing information in which there was no legitimate public interest under the common-law privacy doctrine. The OAG filed a motion for summary judgment in which it alleged that Roane failed to demonstrate the applicability of common-law privacy because the information at issue was either not highly intimate or embarrassing or was of legitimate public interest.

The trial court granted the OAG's motion for summary judgment, denied Roane's summary judgment, and rendered declaratory judgment that the information was not excepted from required public disclosure and must be released to the requestors in accordance with the OAG's letter rulings.

## STANDARD OF REVIEW

We review declaratory judgments under the same standard as other judgments or decrees. Tex. Civ. Prac. & Rem. Code § 37.010; *Hawkins v. El Paso First Health Plans, Inc.*, 214 S.W.3d 709, 719 (Tex. App.—Austin 2007, pet. denied). Here, because the trial court rendered the declaratory judgment through summary

4

judgment proceedings, "we review the propriety of the trial court's declarations under the same standards we apply to summary judgment." *Hawkins*, 214 S.W.3d at 719. A trial court's summary judgment is reviewed de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Accordingly, we review the trial court's final judgment granting both declaratory and summary judgment de novo.

When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000); *Abbott v. Dallas Area Rapid Transit*, 410 S.W.3d 876, 879 (Tex. App.—Austin 2013, no pet.). When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides, determine all questions presented, and if we determine that the trial court erred, render the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## THE TEXAS PUBLIC INFORMATION ACT

The PIA embodies the State's policy that "each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of public officials and employees." Tex. Gov't Code Ann. § 552.001(a); *Paxton v. City of Dallas*, 509 S.W.3d 247, 251 (Tex. 2017). The PIA therefore mandates the disclosure of public information, subject to certain exceptions. *See generally* Tex. Gov't Code Ann. §§ 552.001–.353. But a governmental body cannot unilaterally determine that an exception applies because "[t]he people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know." *Id*. § 552.001(a); *City of Dallas*, 509 S.W.3d at 251. Accordingly, when seeking to

withhold information under a PIA exception, the governmental body must timely request a decision from the OAG, specify under which exception the information falls, and provide the reasons why the exception applies, and the OAG must promptly render a decision in a written opinion. Tex. Gov't Code Ann. §§ 552.301(a), (e)(1)(A); 552.306(a), (b); *City of Dallas*, 509 S.W.3d at 251. If the governmental body disputes the decision, its exclusive remedy is to seek declaratory relief in district court. Tex. Gov't Code Ann. § 552.324(a); *City of Dallas*, 509 S.W.3d at 252.

On appeal, "we generally give due consideration to [OAG] decisions, although they are not binding, because the Legislature has directed the [OAG] to determine whether records must be disclosed under the PIA." *Austin Bulldog v. Leffingwell*, 490 S.W.3d 240, 250 (Tex. App.—Austin 2016, no pet.). Additionally, in interpreting the PIA, the Legislature has directed that the PIA "shall be liberally construed in favor of granting a request for information." Tex. Gov't Code Ann. § 552.001(b). Therefore, "close judgment calls are to be resolved in favor of the stated purpose of the legislation," and courts may require disclosure of information "even when disclosure might cause inconvenience or embarrassment." *Hubert v. Harte-Hanks Tex. Newspapers, Inc.*, 652 S.W.2d 546, 552 (Tex. App.—Austin 1983, writ ref'd n.r.e.) (citing *Industrial Found. of the S. v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 678 (Tex. 1976)). "Whether information is subject to the Act and whether an exception applies to the information are questions of law." *Texas Dep't of Pub. Safety v. Abbott*, 310 S.W.3d 670, 673 (Tex. App.—Austin 2010, no pet.).

## ANALYSIS[1]

In both issues on appeal Roane contends that the in camera documents filed

---

[1] The Supreme Court of Texas ordered the Third Court of Appeals to transfer this case to this court. *See* Tex. Gov't Code § 73.001. Under the Texas Rules of Appellate Procedure, "the

6

as In Camera Sealed Exhibit 1 are excepted from required public disclosure as a matter of law under section 552.101 of the PIA and that the trial court erred in not properly applying this exception.

Roane argues that under section 552.101 common-law privacy protects the information from disclosure. Section 552.101 allows public information to be "excepted from the [public disclosure] requirements of Section 552.021 if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Tex. Gov't Code Ann. § 552.101.

The common-law right to privacy protects information from disclosure when "(1) the information contains highly intimate or embarrassing facts the publication of which would be highly objectionable to a reasonable person, and (2) the information is not of legitimate concern to the public." *Industrial Found.*, 540 S.W.2d at 685. Importantly, however, the highly intimate or embarrassing facts must be "about a person's private affairs." *Id*. at 683; *see* Tex. Att'y Gen. OR-470 at *3 (1987) ("Even if these records contain highly subjective comments that are embarrassing to the principal, they are not protected . . . unless the comments contain intimate or embarrassing facts about a person's private affairs."). Personal information about employees that does not shed light on their official actions would not further the purpose of the statute, which is to provide citizens with "complete information about the affairs of government and the official acts of public officials and employees." *Texas Comptroller of Pub. Accounts v. Attorney Gen. of Tex.*, 354 S.W.3d 336, 346 (Tex. 2010) (quoting Tex. Gov't Code Ann. § 552.001(a)). When

---

court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3. We are unaware of any conflict between Third Court of Appeals precedent and that of this court on any relevant issue.

the information concerns work conduct or job performance of public employees, it is generally not a matter of private affairs, but of public concern. *See* Tex. Att'y Gen. OR470 at *4 (1987) (noting that hives from job stress is not of public concern, but that "[a] public employee's job performance does not generally constitute private affairs").

Roane argues that within In Camera Sealed Exhibit 1 there was highly intimate and embarrassing information about Roane and others even though the information was "cast as allegations disputed by [Roane], and many of these allegations are not relevant to the sexual harassment complaint of a subordinate based solely on one off-duty private conversation on January 17, 2017." The summary judgment record, however, fails to demonstrate that the information involved matters relating to a "person's private affairs." *Industrial Found.*, 540 S.W.2d at 683. Matters of workplace harassment, discrimination, and policy violations in a governmental body are, by their very nature, generally not a "person's private affairs." *Leander Indep. Sch. Dist. v. Office of Attorney Gen. for State*, No. 03-18-00243-CV, 2018 WL 6581523, at *8 (Tex. App.—Austin Dec. 14, 2018, no pet.) (mem. op.).

We acknowledge that case law may support a privacy exception as a matter of a "person's private affairs" for the victim's identity and highly personal identifying information in instances of sexual assault in the workplace. *See, e.g.*, *Industrial Found.*, 540 S.W.2d at 683. But here the OAG has already provided such protection by excepting from required public disclosure the informers' identities under section 552.135. *See* Tex. Att'y Gen. OR2017-08661.

In Roane's motion for summary judgment and on appeal he argues that In Camera Sealed Exhibit 1 contains highly intimate and embarrassing information, which should not be released pursuant to the PIA. We have reviewed the information

provided to this court in camera. We note that the complainant's name and other individuals' names have been redacted from the information ordered to be disclosed. Each of the documents relate to the workplace harassment allegation and do not contain information about Roane's private affairs. The objectionable information has been redacted pursuant to the OAG's third letter. *See* Tex. Att'y Gen. OR2017-13127. Because the information relates to matters of workplace harassment, Roane failed to meet his burden under the first prong of *Industrial Foundation* of identifying "highly intimate or embarrassing facts" that relate to a person's private affairs. *See* 540 S.W.2d at 683.

Roane challenges the OAG's reliance on the decision in *Morales v. Ellen*, 840 S.W.2d 519 (Tex. App.—El Paso 1992, writ denied). The OAG referenced the *Ellen* decision in its letter ruling noting that if there is an "adequate summary of an investigation of alleged sexual harassment, the investigation summary must be released . . . along with the statement of the accused." *See* Tex. Att'y Gen. OR2017-08661. The OAG further noted that "when no adequate summary exists, detailed statements regarding the allegations must be released, but the identities of victims and witnesses must still be redacted from the statements." *Id.* In this case there was no summary of the sexual harassment allegation. The identities of the complainant and the witnesses were properly redacted from the documents subject to disclosure. The OAG did not rely on the *Ellen* decision in making its determination that the documents in In Camera Sealed Exhibit 1 were subject to disclosure. The OAG determined that the documents did not contain information about a person's private affairs. *See* Tex. Att'y Gen. OR2017-08661. The trial court did not err in its judgment confirming the OAG's decision.

Roane argues that the OAG improperly relied on the absence of an investigative summary in this case. To the contrary, the OAG's letter ruling properly

addressed the documents to be disclosed in this case. The presence or absence of an investigative summary did not bear on the trial court's decision and does not affect this court's conclusion. Roane has not met his burden under the first prong of the *Industrial Foundation* test that the information would disclose highly intimate or embarrassing facts of a person's private affairs. Based on the record before us, we therefore hold that the trial court did not err in concluding that Government Code section 552.101 does not apply to In Camera Sealed Exhibit 1. *See Leander Indep. Sch. Dist.*, 2018 WL 6581523, at \*8 ("Matters of workplace harassment, discrimination, and policy violations in governmental body are, by their very nature, generally not a 'person's private affairs.'").[2] We overrule Roane's issues on appeal.

## CONCLUSION

We affirm the trial court's judgment granting the OAG's motion for summary judgment and denying Roane's motion.

/s/    Jerry Zimmerer
        Justice

Panel consists of Justices Wise, Zimmerer, and Spain.

---

[2] Even if the information had included highly intimate or embarrassing facts of a person's private affairs, we note that the information at issue may be of legitimate concern to the public. The sealed exhibit includes information concerning the conduct of public school employees—important matters of natural concern to parents and other members of the public. *See City of San Antonio v. Texas Att'y Gen.*, 851 S.W.2d 946, 950 (Tex. App.—Austin 1993, writ denied) (stating that "legitimacy of public interest" in how public officers perform their duties "is not in doubt").